UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

IN RE:   CASE NO.: 24-11325-amc
         CHAPTER 13
Erma McMillan,
    Debtor.
_____/

Mortgage Assets Management, LLC,
                                    Chapter 13
         Movant,
v.                                  Hearing: June 5, 2024 at 10:00 am

Erma McMillan,
    Debtor,
Rebecca Williams,
    Co-Debtor
Scott F. Waterman,
    Trustee

         Respondents.
_____/

## MOTION FOR PROSPECTIVE IN-REM RELIEF FROM AUTOMATIC STAY FOR A PERIOD OF TWO YEARS

Secured Creditor, Mortgage Assets Management, LLC, by and through the undersigned counsel, hereby moves this Court for relief from the automatic stay and termination of the co-debtor stay as applied to the subject property and for prospective *in rem* relief pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4) and 1301(c), and states the following:

1. Debtor(s), Erma McMillan, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on April 18, 2024.

2. Secured Creditor holds a security interest in the Debtor's real property located at 249 West Mowry Street, Chester, Pennsylvania 19013 (hereinafter "Subject Property").

3. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334,

11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

4. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

## MORTGAGE BACKGROUND AND PROCEDURAL HISTORY

5. On November 9, 2007, Rebecca A. Williams ("Borrower") executed and delivered an Adjustable-Rate Note Home Equity Conversion ("Note") and an Adjustable-Rate Home Equity Conversion Mortgage ("Mortgage") securing payment of the Note in the amount of $163,500.00 to BNY Mortgage Company LLC. A true and correct copy of the Note is attached hereto as Exhibit "A."

6. The Mortgage was recorded on November 20, 2007, as Instrument Number 2007099890 of the Public Records of Delaware County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

7. The Mortgage was secured as a lien against the property located in Montgomery commonly known as 249 West Mowry Street, Chester, Pennsylvania 19013.

8. The loan was assigned to Champion Mortgage Company and said Assignment of Mortgage was recorded with the Delaware Recorder of Deeds on December 13, 2012 in Instrument Number 2012079190. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

9. The loan was lastly assigned to Mortgage Assets Management, LLC and said Assignment of Mortgage was recorded with the Montgomery Recorder of Deeds on October 20, 2022 in Instrument Number 2022055191. A true and correct copy of the Assignment of Mortgage

is attached hereto as Exhibit "D."

10. Secured Creditor filed a foreclosure complaint against the Borrower's heirs in 2015 in the Court of Common Pleas for Delaware County, Number: 15-2965, due to the default under the terms of the Note and Mortgage on the property securing Secured Creditor's interest in certain real property legally described as:

> ALL THAT CERTAIN BRICK MESSUAGE AND LOT OR PIECE OF LAND, SITUATE AT THE NORTHEASTERLY CORNER OF MOWRY STREET AND WETHERILL STREET, IN THE CITY OF CHESTER, COUNTY OF DELAWARE AND STATE OF PENNSYLVANIA, AND DESCRIBED AS FOLLOWS:
> BEGINNING AT SAID CORNER THENCE EXTENDING NORTHEASTWARDLY ALONG THE SAID MOWRY STREET TWENTY-FOUR FEET THENCE EXTENDING SOUTHEASTWARDLY BY A LINE PASSING THROUGH THE CENTER OF THE PARTY WALL BETWEEN SAID MESSUAGE AND THE MESSUAGE ADJOINING NORTHEASTWARDLY ONE HUNDRED TWELVE AND SIXTY-EIGHT HUNDREDTHS FEET THENCE EXTENDING SOUTHWESTWARDLY TWENTY-FOUR FEET TO THE SAID WETHERILL STREET; THENCE EXTENDING NORTHWESTWARDLY BY THE SAME TO THE PLACE OF BEGINNING. BOUNDED NORTHEASTWARDLY BY CONTIGUOUS MESSUAGEES AND LANDS OF THE EARL R. MOWDY AND SOUTHEASTWARDLY BY LANDS NOW OR LATE BELONGING TO DANIEL E. CASEY.
> BEING THE SAME PREMISES WHICH ELONZO WILLIAMS BY INDENTURE DATED 10/16/2000, AND RECORDED IN THE OFFICE FOR THE RECORDING OF DEEDS, IN AND FOR THE COUNTY OF DELAWARE, AFORESAID, IN DEED BOOK 2088 AND PAGE 1540, GRANTED AND CONVEYED UNTO ELONZO WILLIAMS AND REBECCA A. WILLIAMS, HUSBAND AND WIFE, IN FEE.
> TP: 49-01-02412-00

11. This property is located at the street address of: 249 West Mowry Street, Chester, Pennsylvania 19013.

## **DEFAULT AND FORECLOSURE**

12. The terms and conditions of the Note and Mortgage are in default due to Borrower's failure to pay the property taxes and hazard insurance.

13. The terms and conditions of the Note and Mortgage are in further default due to the death of the original borrower. Such a default is not able to be cured.

14. Due to the default, Secured Creditor has been attempting to exercise its legal and equitable remedies against the Property. On or about March 1, 2015 a foreclosure action was commenced in Montgomery County Court of Common Pleas, Index No. 2015-04831 against the Debtor, Co-Borrower, other parties and the Property (the "Foreclosure Action").

15. In the Foreclosure Action, the granted a foreclosure judgment in favor of Secured Creditor on February 20, 2020 (the "Foreclosure Judgment"). A copy of the Foreclosure Judgment is annexed hereto as Exhibit "E."

## BANKRUPTCY HISTORY

16. The Present Case is the second (2nd) bankruptcy case commenced by the Debtor, all having been filed in this Court. These cases all have involved the Property in some manner that triggered the automatic stay under Bankruptcy Code section 362.

17. The cases filed by the Debtor are:

    a. Case Number 23-13141, Chapter 13 filed pro se by Erma McMillan on October 19, 2023 and dismissed on March 21, 2024 for failure to make plan payments. This case sought to avoid the lien of the creditor which is a first mortgage on the principal residence. Schedule J also showed negative income for the debtor.

    b. Current Case Number 24-11325, Chapter 13 filed pro se by Erma McMillan on April 18, 2024. On May 3, 2024 the Debtor filed schedules I and J, which again shows negative income for the Debtor, which precludes the Debtor from continuing in Chapter 13.

## CO-DEBTOR STAY UNDER BANKRUPTCY CODE SECTION 1301(a)

18. As Borrower is liable under the Note and Mortgage, the co-debtor stay in chapter 13 cases pursuant to Bankruptcy Code section 1301(a) applies in the Present Case.

## REQUEST FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY

19. Secured Creditor requests that the Court grant it prospective in rem relief from the automatic stay pursuant to 362(d)(1) of the Bankruptcy Code for a period of at least two (2) years so that no stay can be imposed as to the subject property by any future bankruptcy filing by any person or entity. Secured Creditor submits that the aforementioned described bad faith shown by the Debtor were done solely for the purpose of using the bankruptcy stay provisions to delay the foreclosure sale of the Subject Property and constitute grounds for prospective in rem relief.

20. Secured Creditor submits that it is entitled to prospective relief from the automatic stay for cause, to wit, the lengthy history of bankruptcy filings and filing of the instant bankruptcy petition, which filings evidence a lack of good faith. *See In re Waldron,* 785 F.2d 936, 941 (11th Cir. 1986) ("whenever a Chapter 13 petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives").

21. The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings. The inference that good faith is required in order for Debtors to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Code upholds the integrity of the bankruptcy courts:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and

> confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interest of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands."

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *See also In re Waldron*, 785 F.2d 936 (11th Cir. 1986).

22. Thus, a debtor has a duty to act without an intent merely to delay or hinder his creditors both in the filing of the case and the filing of the plan.

23. All of the Circuit Courts have embraced a "totality of the circumstances" approach to analyzing good faith, which involves consideration of a number of factors related to the contents of a Debtor's plan <u>as well as conduct of the Debtor</u>, following the Eighth Circuit's lead in *In re Estus*, 695 F.2d 311 (8th Cir. 1982), and the Eleventh Circuit's later analysis in *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983).

24. Secured Creditor respectfully suggests Debtor's actions are indicative of the intention to delay and hinder Secured Creditor without benefit. These actions are in contravention of the Bankruptcy Code's good faith provision, which serves to prevent the bankruptcy forum from becoming a revolving door for Debtor who, without any real ability or serious intention of abiding by the duties imposed by Title 11, seek only to delay just process.

25. It is clear from the history of the Mortgage account that the Debtor either does not have the ability or does not intend to make payments to Secured Creditor. Additionally, the Debtor's Chapter 13 Plan provides to treat the Secured Creditor's claim as a Judgment debt rather than the secured mortgage.

26. Upon review of internal records, Secured Creditor anticipates filing a Proof of Claim with an approximate pre-petition arrearage of $196,867.55. Debtor's Chapter 13 Plan is not feasible to cure Secured Creditor's anticipated pre-petition arrearages and maintain ongoing post-petition payments.

27. Secured Creditor's security interest in the subject property is being significantly jeopardized by the Debtor's failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

28. Secured Creditor respectfully requests this Court grant it prospective *in rem* relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

29. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

30. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or

alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

**WHEREFORE**, Secured Creditor prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(4) and 1301(c), granting relief from the automatic stay and termination of the co-debtor stay in the Present Case and prospective relief from an automatic stay in a future bankruptcy case in regard to the Property for a period of two (2) years from the date of entry of the Order to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: May 14, 2024

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
130 Clinton Rd, Lobby B
Suite 202
Fairfield, NJ 07004
Telephone: 973-575-0707

By: /s/ *Michelle L. McGowan*
Michelle L. McGowan, Esquire
Pennsylvania Bar No. 62414
Email: mimcgowan@raslg.com